IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EFREN LOPEZ**, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> **MC D'S PIZZA, INC.**, an Illinois corporation, d/b/a **BARNEY'S PIZZA, BERNARD J. MCDEVITT**, individually, as President of MC D'S PIZZA, INC., and **LEODORO GUTIERREZ**, <br><br> Defendants. | Case No. <br><br> FILED: APRIL 23, 2008 <br> 08CV2305 NF <br> JUDGE DER-YEGHIAYAN <br> MAGISTRATE JUDGE COLE |

## COMPLAINT

**NOW COMES** Plaintiff **EFREN LOPEZ**, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, by and through his attorney, Robert W. Maucker, and for his Complaint against Defendants, **MC D'S PIZZA, INC., an Illinois corporation, d/b/a BARNEY'S PIZZA, BERNARD J. MCDEVITT, individually, and as President of MC D'S PIZZA, INC., and LEODORO GUTIERREZ,** states as follows:

**I.     THE NATURE OF THE ACTION**

1.     This action arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS §115/1, *et seq*, for Defendants' failure to pay Plaintiff and other similarly situated employees overtime pay for time worked in excess of forty (40) hours during individual work weeks.  During the period of his employment by Defendants, Plaintiffs worked in excess of forty (40) hours per work week, did not receive overtime wages at the rate of one and one-half times his regular hourly rate of pay, but was paid straight time for all hours worked.

## II.     JURISDICTION AND VENUE

2.     Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, arising under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§206 and 207, and the Portal-to-Portal Act, 29 U.S.C. §251, *et seq*.  This court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 with regard to the Illinois statutory claims.  Venue lies in the Northern District of Illinois inasmuch as the events giving rise to Plaintiff's claims occurred in this judicial district and Plaintiffs are domiciled in, and Defendants are engaged in business in, this district.

## III.    THE PARTIES

3.     Defendants, **MC D'S PIZZA, INC., d/b/a BARNEY'S PIZZA, BERNARD J. MCDEVITT, individually, and as President of MC D'S PIZZA, INC., and LEODORO GUTIERREZ,** (hereinafter "Defendants"), at all times material hereto, were engaged in the business of providing food and dining services to the general public. As such, Defendants' services meet the definition of an enterprise engaged in commerce as set forth by the FLSA at 29 U.S.C. §203(s)(1)(A).  During all times material to this action, Defendants were persons acting directly or indirectly in the interest of the employer in relation to the employee plaintiffs and, therefore, were and are "employers" as defined under both the federal and state statutes relied upon herein, and as such, Plaintiff's employers are jointly and severally liable for the unpaid wages and other relief sought pursuant to this action.  The annual gross volume of sales made or business done by defendant company, **MC D'S PIZZA, INC., d/b/a BARNEY'S PIZZA** exceeds $500,000.00 exclusive of excise taxes.

4.     Plaintiff **EFREN LOPEZ** (hereinafter "the named Plaintiff"), and all other unnamed Plaintiffs of the class, known and unknown (hereinafter "members of the Plaintiff Class"), are either present or past hourly employees of Defendants, were designated as laborers performing kitchen and dining service duties, and were "employees" as defined under both federal and state statutes upon which this action relies.  As Defendants' employees, Plaintiffs were also engaged in interstate commerce. A copy of Mr. Lopez' consent form is attached hereto as Plaintiff's Exhibit "A".

## IV.     CLASS ALLEGATIONS

### (a) Regarding the Fair Labor Standards Act

5.      Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is asserted by the named Plaintiff as an opt-in representative action, on behalf of himself and all other Plaintiffs similarly situated, who have been or will in the future be damaged by Defendants' violation of 29 U.S.C. §201, *et seq.*, and §251, *et seq.*  Count II seeks punitive damages due to the Defendants' willful violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §255.  Count III seeks liquidated damages under the Fair Labor Standards Act, pursuant to §260.

### (b) Regarding the Illinois Minimum Wage Law

6.      Plaintiff brings Count IV of this action individually pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*  At all times material to this action, Defendants were Plaintiff's employer as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' employee within the meaning of said act, working as a laborer performing kitchen and dining service duties, on or after the date three (3) years prior to the filing of this action.

### (c) Regarding the Illinois Wage Payment and Collection Act

7.      Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*, Plaintiff brings Count V of this action individually with regard to his employment by Defendants working as a laborer performing kitchen and dining service duties, on or after the date five (5) years prior to the filing of this action.

## V.     FACTUAL ALLEGATIONS

8.      At all times material to this action the named Plaintiff, and all other members of the Plaintiff Class, known and unknown, were or are employed by Defendants, said employment being integral and indispensable to Defendants' business.

At all times material to this action, Defendants have willfully employed the named Plaintiff and members of the Plaintiff Class for hours in excess of forty (40) during a work week, without paying for those hours worked over forty (40) at a rate equaling one and one-half times the employee's regular hourly rate of pay, pursuant to the requirements of the federal and state statutes herein relied upon.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Plaintiff and on behalf of all similarly situated employees)**

1-8. Paragraphs 1 through 8 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 8 of this Count I.

9. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251, *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours during any work week during the two (2) year period which precedes the filing of this action.

10. Defendants have at all times material hereto failed and refused to pay compensation to its employees, including the named Plaintiff herein, at the rate of one and one-half times their regular hourly wage rate for hours worked over forty (40) during a work week, as required by the FLSA.

**WHEREFORE,** the Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

(a) Awarding back pay to Plaintiff and all other Plaintiffs similarly situated equal to the amount of all unpaid overtime compensation for the two (2) years immediately preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) Awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Directing Defendants to pay reasonable attorneys fees, costs, and litigation

expenses incurred in the filing and prosecution of this action, as provided by statute;

(d) For such additional relief as the Court deems just.

## COUNT II
## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Plaintiff and on behalf of all similarly situated employees)

1-10. Paragraphs 1 through 10 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 10 of this Count II.

11. Defendant has, both in the past and presently, willfully failed to pay the named Plaintiff and members of the Plaintiff Class for hours worked in excess of forty (40) hours per week at a rate equal to one and one-half times their regular rate of pay. Defendants knew, or should have known, of the requirements of the Fair Labor Standards Act, and therefore continue a pattern of voluntary, deliberate, intentional, and willful violation of the Fair Labor Standards Act.

12. Pursuant to the Fair Labor Standards Act, Plaintiffs and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in any given work week during the three (3) years immediately preceding the filing of this complaint.

**WHEREFORE,** Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

(a) Awarding back pay for work accomplished equal to the amount of all unpaid overtime compensation for one (1) additional year, thus extending Defendants' liability to a three (3) year period immediately preceding the filing of this Complaint;

(b) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Directing Defendants to pay reasonable attorneys fees, costs, and litigation expenses incurred in the filing and prosecution of this action, as provided by statute;

(d) For such additional relief as the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES

**(Plaintiff and on behalf of all similarly situated employees)**

1-12. Paragraphs 1 through 12 of Count II are realleged and incorporated as though fully set forth herein as Paragraphs 1 through 12 of this Count III.

13. Defendants' denial of compensation to Plaintiff and members of the Plaintiff Class at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) during a work week, constitute acts not taken in good faith nor based upon reasonable grounds.

14. Pursuant to 29 U.S.C. §260 the named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid overtime compensation.

**WHEREFORE,** the Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this court to enter an order as follows:

(a) Awarding Plaintiff and the Plaintiff Class liquidated damages equal to the amount of all unpaid overtime compensation awarded them by the Court;

(b) Directing Defendants to pay reasonable attorneys fees, costs, and litigation expenses incurred in the filing and prosecution of this action, as provided by statute;

(c) For such additional relief as the Court deems just.

## COUNT IV – A PENDANT STATE LAW CLAIM:
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### (On behalf of Plaintiff individually)

1-14.   Paragraphs 1 through 14 of Count III are realleged and incorporated as though fully set forth herein as Paragraphs 1 through 14 of this Count IV.

15.   The Illinois Minimum Wage Law provides that one and one-half times their regular rate of pay must be paid to employees who work more than forty (40) hours during a work week.

16.   As employers of Plaintiff and other persons who have performed work for their benefit, Defendants **MC D'S PIZZA, INC., an Illinois corporation, d/b/a BARNEY'S PIZZA, BERNARD J. MCDEVITT, individually, and as President of MC D'S PIZZA, INC., and LEODORO GUTIERREZ,** are jointly and severally liable for the failure to pay overtime wages to employees as complained of herein.

17.   At all times material hereto, the Illinois Minimum Wage Law provided that an employer who fails to pay the required amount of wages due an employee under the law, shall be liable to that underpaid employee for said unpaid wages and, in addition, for punitive damages in the amount of 2% of the amount of such underpayments for each month following the date of payment during which such underpayments remain unpaid.

18.   Defendants' failure to pay the overtime wages as described herein has been willful and/or in bad faith and merits the imposition of punitive damages.

   **WHEREFORE,** Plaintiff requests this Court to enter an Order:

   (a) Awarding compensatory damages to the named Plaintiff in the amount of all unpaid overtime pay, said sum to be calculated at one and one-half times the employee's regular rate of pay;

   (b) Awarding punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

   (c) Directing Defendants to pay reasonable attorneys fees, costs, and litigation expenses incurred in the filing and prosecution of this action, as provided by statute;

   (d) Awarding such additional relief as the Court deems just.

## COUNT V – A PENDANT STATE LAW CLAIM: VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT

**(On behalf of Plaintiff individually)**

1-18.   Paragraphs 1 through 18 of Count IV are realleged and incorporated as though fully set forth herein as Paragraphs 1 through 18 of this Count V.

19.   At all times material to this action, the Illinois Wage Payment and Collection Act, Section 2, defined wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the two parties…"  Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses…and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties".

20.   The Illinois Wage Payment and Collection Act, Section 4, provides that "[A]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned."

21.   The Illinois Wage Payment and Collection Act, Section 5, provides that "[E]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

22.   Defendants' refusal and failure to pay the full amount of earned overtime wages to Plaintiff constitutes a violation of the Illinois Wage Payment and Collection Act.

**WHEREFORE,** Plaintiff requests this Court to enter an order:

(a) Awarding compensation to the named Plaintiff in the amount of all unpaid overtime pay, said sum to be calculated at one and one-half times the employee's regular rate of pay;

(b) Directing Defendants to pay reasonable attorneys fees, costs, and litigation

  expenses incurred in the filing and prosecution of this action, as provided by statute;

(d) Awarding such additional relief as the Court deems just.

## **JURY TRIAL**

A Jury Trial is demanded on all counts.

Dated:  April 23, 2008.

             Respectfully submitted,

             EFREN LOPEZ,


            By: s/Robert William Maucker
             Attorney for Plaintiff


Robert W. Maucker
R.W. MAUCKER, P.C.
9231 S. Roberts Road
Hickory Hills, Illinois  60457
(708) 233-3815
ARDC No. 6246907

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

RE: Efren Lopez, et al. v. Mc D's Pizza, Inc., et al.

TO: The Clerk of the Court of the United States District Court
Northern District of Illinois, Eastern Division

**I HEREBY ELECT** to become a Plaintiff in the above-styled case to pursue a claim against the named Defendants under the Fair Labor Standards Act. I designate Plaintiff's counsel of record, Robert W. Maucker, to act as my attorney in this case.

Dated: March 11, 2008

Signed: _Efren Lopez_

_Efren Lopez_
(Please Print Name)